Eastern District of Kentucky
FILED
MAY 3 1 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-120-JMH

NORBERT STEVEN WILCOX                                                    PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

TRAVIS BOWEN                                                             DEFENDANT

Norbert Steven Wilcox, an individual presently confined in a state prison, the Northpoint Training Center in Burgin, Kentucky, initiated the instant *pro se* civil rights action by filing a complaint and motion to proceed *in forma pauperis* in the United States District Court for the Western District of Kentucky. The case was transferred to this Court because the Burgin facility and named defendant are located in the Eastern District of Kentucky.

The plaintiff's motion to proceed *in forma pauperis* herein will be granted by separate Order. The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

1

## CLAIMS

The plaintiff alleges that the defendant correctional officer terminated his position as a gym helper, in violation of his rights under the First, Eighth, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the U.S. Constitution.

## NAMED DEFENDANT

The plaintiff names Travis Bowen, a correctional officer at Northpoint, as the sole defendant. He is sued in his official capacity.

## RELIEF REQUESTED

The plaintiff seeks damages.

## FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations, as contained in his completed complaint form, additional pages attached thereto, and exhibits. Record No. 1.

The plaintiff gives no date on which his position as gym helper was terminated by the defendant. However, he does provide a copy of the warden's response to his grievance about the matter. On March 14, 2005, the warden rejected the grievance on the ground that "the incidents mentioned in the grievance occurred on August 5, 2004, and September 2004," and the plaintiff did not file the grievance within 5 days of the incident in conformity with Kentucky Department of Corrections' ("KDOC") Policy and Procedure 14.6. Complaint, p. 5B.

The plaintiff states that he did not appeal that decision to the KDOC Commissioner, as is also required under the same administrative scheme, because "I suspect the grievance may be destroyed." *Id.* at 5A. He decided to come to this Court immediately, instead, the plaintiff filing the instant action on March 24, 2005.

2

## DISCUSSION

The United States Congress has mandated that prisoners use their custodians' administrative remedies prior to filing a lawsuit in federal court. As a result of the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, 42 U.S.C. §1997e was amended to provide as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

3

The exhaustion requirement is not a mere formality. The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999).

Additionally, one of the reasons for the requirement that administrative remedies be exhausted is to prepare a record for the court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant plaintiff has not assisted the Court by providing a record. He has also not helped himself. Perhaps had the plaintiff filed a timely grievance and then pursued it past the institutional level, he may have gotten his job back or some other type of relief--and have satisfied the very prerequisites for proceeding in federal court at the same time. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

*See also* a series of unpublished opinions from the Sixth Circuit about the impermissibility of prisoners beginning the process, then short-circuiting the system, and later alleging the futility of going further: *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. 2000).

4

In the case *sub judice*, the plaintiff admits that he did not appeal his grievance to the level of the Commissioner. Therefore, he did not exhaust the available administrative remedies and so his complaint must be dismissed, the dismissal to be without prejudice, in conformity with the above-stated law.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that the plaintiff's action herein is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This 31st day of May, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of entry and service: